# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANTWAIN VONTELL MAYE,            )
                                 )
      Plaintiff ,              )
                                 )
v.                               ) Case No. 2:12-cv-02478-RBP-TMP
                                 )
COMMISSIONER KIM THOMAS, *et al.,* )
                                 )
      Defendants.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Antwain Vontell Maye, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at W.E. Donaldson Correctional Facility in Bessemer, Alabama. Plaintiff names as defendants Alabama Department of Corrections Commissioner Kim Thomas, Warden Cheryl Price, Warden Gary, Warden Hicks, and Correctional Officer Roderick Gadson. Plaintiff seeks monetary and injunctive relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

On June 30, 2012, Correctional Officer Roderick Gadson assaulted plaintiff in his cell. (Compl. at 2.) Gadson pushed plaintiff against a wall and choked him repeatedly. *Id*. at 3. Gadson then hit plaintiff in the right eye and slammed him to the ground, causing serious injury to plaintiff's lower back. *Id*.

Plaintiff contends that Gadson has used excessive force against inmates since 2006. (Compl. at 2.) He claims that Commissioner Richard Allen and Warden Gary supervised Gadson during this time and failed to discipline him. *Id*.

**DISCUSSION**

A. **Officer Roderick Gadson.**

Plaintiff alleges that on June 30, 2012, Officer Roderick Gadson assaulted him in his cell. Plaintiff claims that Gadson pushed him into a wall, choked him repeatedly, hit him in his right eye, and slammed him to the ground causing him injury. Plaintiff has sufficiently alleged an Eighth Amendment claim for excessive force against Gadson at this juncture. Therefore, plaintiff's claim against Gadson is due to referred to the undersigned for further proceedings.

B. **Warden Gary.**

Plaintiff further claims that Officer Gadson has a history of using excessive force against inmates dating back to 2006. Plaintiff states that former Commissioner Richard Allen, who is not a defendant in this action, and Warden Gary supervised Gadson during this time and failed to take any disciplinary action against him. To the extent plaintiff alleges a supervisory liability claim against Warden Gary, such claim is also due to be referred to the undersigned for further proceedings.

C. **Kim Thomas, Warden Price, & Warden Hicks.**

Plaintiff names ADOC Commissioner Kim Thomas, Warden Price, and Warden Hicks as defendants but fails to state any cognizable claim against these individuals. Specifically, while Thomas, Price, and Hicks are named as defendants in the

plaintiff's complaint, they are not mentioned in the body of it.  Vague, general, or conclusory allegations are insufficient to merit relief under 42 U.S.C. § 1983, much less a complete lack of any allegation.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

To the extent plaintiff seeks to implicate these officials through the concept of respondeat superior, this doctrine is unavailable in actions brought under § 1983.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-92 (1978); *see also Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).  Absent some allegation that these defendants knew of, sanctioned, participated in, or were otherwise causally connected to the constitutional violations complained of, a claim against them based on the actions of their subordinates is insufficient to state a cause of action under 42 U.S.C. § 1983.  *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Valdes v. Crosby*, 450 F.3d 1231, 1236-37 (11th Cir. 2006) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  Therefore, plaintiff's claims against Defendants Thomas, Price, and Hicks are due to be dismissed for failing to state a claim upon which relief may be granted.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that plaintiff's claims against Defendants Thomas, Price, and Hicks

be DISMISSED for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The magistrate judge further RECOMMENDS that plaintiff's Eighth Amendment excessive force claim against Defendant Gadson and his supervisory liability claim against Defendant Gary be referred to the undersigned magistrate judge for further proceedings.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. Objections not

meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 29th day of May, 2014.

_____

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE